**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



FILED

JAMES FUSON,

    Petitioner,

v.

SHIRLEE HARRY,

    Respondent,

Case No: 06-CV-12636
Honorable John Corbett O'Meara
United States District Judge

Magistrate Judge Mona K. Majzoub

## ORDER TRANSFERRING CASE TO THE SIXTH CIRCUIT COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

### I. Introduction

Before the Court is petitioner's *pro se* habeas corpus petition filed under 28 U.S.C. § 2254. Petitioner has previously filed a petition for a writ of habeas corpus challenging his June 28, 1995 conviction out of the Wayne County Circuit Court for 2 counts of felony murder in violation of MCL §750.316B; MSA 28.354 and breaking and entering an occupied dwelling in violation of MCL §750.110; MSA 28.305. The first petition was denied on the merits and for procedural default reasons by the U.S. District Court for the Western District of Michigan. *Fuson v. Pitcher,* U.S.D.C. 1:99-CV-627 (W.D. Mich. June 26, 2000)(Miles, J.). For the following reasons, the Court has concluded that it must transfer this case to the Sixth Circuit Court of Appeals.

### II. Discussion

On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Among other things, the AEDPA amended 28

U.S.C. §§ 2244, 2253, and 2254, which govern habeas corpus proceedings in federal courts. These amendments change the standards and procedures that federal courts must apply when faced with second or successive petitions for writs of habeas corpus. The provisions of the AEDPA apply because Petitioner filed his successive habeas application after the effective date of the AEDPA. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Norris v. Konteh*, 67 F. Supp. 2d 833, 835 (N.D. Ohio 1999). Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. *28 U.S.C. § 2244(b)(3)(A)*; *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998).

Under the AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999)(Gadola, J.). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; See also *In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

In the present case, Petitioner has previously filed a habeas petition with the federal courts. Petitioner asserts that he filed an appeal of the June 26, 2000 district court decision with the Sixth Circuit and to the United States Supreme Court to no avail. Subsequently, Petitioner filed a motion for relief from judgment with the trial court raising a new set of

issues. Petitioner's request for relief from judgment was denied. Petitioner appealed the trial court's decision to the Michigan Court of Appeals, which was also denied. *People v. Fuson,* Mich. Ct. App. No. 259349 (December 10, 2004). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court relative to the same issues. The Michigan Supreme Court entered an Order on June 16, 2005 likewise denying Petitioner's request for relief. *People v. Fuson,* 472 Mich. 927, 697 N.W.2d 525 (Table) Mich. Sup. Ct. No. 127881 (June 16, 2005). Petitioner has now filed the pending habeas petition, dated June 15, 2006, asserting thirteen points of alleged trial court error.

Although Petitioner would not have been required to obtain a certificate of authorization following the dismissal of his petition if it had been dismissed without prejudice on exhaustion grounds, *See Harris v. Stovall*, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998)(Tarnow, J.), it appears that Petitioner's first habeas petition was dismissed on the merits. Petitioner's second habeas petition is a second or successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization.

It is appropriate for this Court to consider the issue of successive petitions *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996)(Rosen, J.).

### III. Conclusion

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).

Accordingly,

3

IT IS HEREBY ORDERED that the Clerk of the Court transfer the Petition for Writ of Habeas Corpus **[Doc. #1-1, filed June 15, 2006]** to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631[1] and *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

*/s/ R. Steven Whalen*
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: 8/3/06

---

[1] 28 U.S.C. § 1631 provides in pertinent part that:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

4